UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBRA C. GRUNDER,

                              Plaintiff,                  5:14-CV-00550
                                                                           (GLS/TWD)

    v.

ELDERWOOD HEALTHCARE OF BIRCHWOOD,

                              Defendant,

APPEARANCES:                                    OF COUNSEL:

DEBRA C. GRUNDER, PRO SE
79 Gildner Road
Central Square, NY 13036
Plaintiff pro se

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

**I.    INTRODUCTION**

This matter is presently before the Court to consider whether this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon pro se plaintiff Debra C. Grunder's failure to prosecute. For the reasons that follow, I recommend the action be dismissed without prejudice.

**II.    PROCEEDINGS TO DATE**

Plaintiff commenced this civil rights action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., as amended, in May of 2014. (Dkt. No. 1.) Plaintiff was denied leave to proceed *in forma pauperis*, and subsequently paid the requisite filing fee. (Dkt. Nos. 4, 5; Docket

Entry 10/31/2014.) The Court issued a Summons which was sent to Plaintiff for service upon the Defendant. (Dkt. No. 6.) Proof of service was not filed in a timely manner, nor was any response to the Complaint filed. Therefore, on January 15, 2015, the Court issued an Order extending the time for Plaintiff to file proof of service of the Summons and Complaint, or file a status report regarding such service. (Dkt. No. 8.) Plaintiff failed to file proof of service or otherwise notify the Court of the status of service of the Summons and Complaint in accordance with the Court's Order (Dkt. No. 8), so the Court again extended Plaintiff's time to complete those tasks and warned the Plaintiff that failure to follow the Court's Order may result in sanctions including a recommendation that the case be dismissed. (Dkt. No. 9.) Plaintiff again failed to file proof of service or otherwise notify the Court of the status of service of the Summons and Complaint in accordance with the Court's Order (Dkt. No. 9), so the Court once again extended Plaintiff's time to complete those tasks and warned the Plaintiff that failure to follow the Court's Order may result in sanctions including a recommendation that the case be dismissed. (Dkt. No. 10.)

As of the date of this Report-Recommendation Plaintiff has failed to file proof of service of the Summons and Complaint, or otherwise report on the status of service as directed by the Court, and the Defendant has not appeared in the action. Plaintiff has also failed to contact the Court with any further information as to the status of the claim or to otherwise contact the Court to request an extension. She has not communicated with the Court or the Clerk in any manner regarding this action since the payment of the filing fee on October 31, 2014.

## III.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the

procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, at *2, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiff's failure to prosecute her claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Plaintiff has failed to communicate with the Court since October of 2014

---

[1] The Court will provide Plaintiff with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

3

(Dkt. Entry 10/1/2014) when the filing fee was paid.  Plaintiff has not communicated with the Court in nearly six months, and has made no effort to further the prosecution of this case.  Despite prodding from the Court, Plaintiff has not followed the Court's directives after being given several opportunities to do so.  (Dkt. Nos. 8, 9, 10.)  Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction."  *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001).  Here, Plaintiff failed to file proof of service or any status of service of the Summons and Complaint with the Court after being directed to do so multiple times by the Court to do so.  (Dkt. Nos. 8, 9, 10.)  Plaintiff has also failed to communicate requested information to the Court regarding this action when explicitly directed to do so in the Court's Orders.  *Id.*  Clearly, Plaintiff has failed to follow the Court's Orders and provide information as directed after having been placed on notice in Court orders that her failure to do so would constitute grounds for a recommendation of dismissal.  *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal.").  Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendant.  The events

4

giving rise to Plaintiff's claims occurred in July 2012, and Defendant has not yet been served with the Complaint, much less have an opportunity to obtain any discovery from Plaintiff. Further delay may well affect Defendant's ability to locate witnesses (who might retire from, or be transferred within, the Defendant's business), and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade).

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

## IV.   CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by the Plaintiff to pursue her claims in this action since filing the Complaint on May 9, 2014, and paying the filing fee on October 31, 2014. Despite several directives from the Court requesting information from Plaintiff concerning the status of the action, Plaintiff has repeatedly failed to comply and has provided no information to the Court concerning any measures taken to pursue the action, or from which the Court could meaningfully gauge her level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiff's failure to comply with directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

**RECOMMENDED** that this action shall be **DISMISSED without prejudice**, for failure to prosecute; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on the Plaintiff in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff has fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: April 24, 2015
       Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge